637 So.2d 349 (1994)
Allan H. APPLESTEIN, etc., Appellant,
v.
DELOITTE HASKINS & SELLS, etc., Appellee.
No. 93-2413.
District Court of Appeal of Florida, Third District.
May 31, 1994.
Motion to Certify Question Denied June 28, 1994.
Richman Guttenmacher Bohatch & Fuerst and Mitchell S. Fuerst, Miami, for appellant.
Davis, Scott, Weber & Edwards and Susan C. Cockfield, David Wagner, Miami, for appellee.
Before JORGENSON, LEVY and GREEN, JJ.
PER CURIAM.
Allan Applestein, as Trustee for DCA Grantor Trust, appeals from an order of summary judgment entered in favor of Deloitte Haskins & Sells [hereafter Deloitte]. We affirm.
Applestein, as Trustee, purchased stock in Guardian Bank. The bank encountered financial difficulties and was ultimately taken over by the Resolution Trust Corporation. Applestein contends that the stock he purchased is now worthless. Applestein sued Deloitte, the accounting firm retained by the bank to conduct annual audits of its financial statements, and alleged that Deloitte was negligent in failing to perform accounting services in a reasonable manner and in accordance with generally accepted accounting principles. Applestein further alleged that he relied upon these audits in making his decision to purchase stock. Deloitte argued it was not liable to Applestein and successfully moved for summary judgment.
The trial court properly granted summary judgment as Applestein's claim does not meet the standard for accountant liability adopted by the Florida Supreme Court in First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla. 1990). "[W]e have decided to adopt the rationale of section 552, Restatement (Second) of Torts (1976) as setting forth the circumstances under which accountants may be held liable in negligence to persons who are not in contractual privity." *350 Id. at 14. Under section 552, an accountant's liability is limited to:
(2)(a) ... the person or one of a limited group of persons for whose benefit and guidance [the accountant] intends to supply the information or knows that the recipient [client] intends to supply it; and
(b) through reliance upon it in a transaction that [the accountant] intends the information to influence or knows the recipient [client] so intends or in a substantially similar transaction.
Based on the facts contained in the Stipulation Submitted As Evidentiary Basis For Determination Of Defendant's Motion For Summary Judgment, Applestein's claim fails.
Both parties stipulated that Deloitte did not know that Applestein intended to engage in the stock purchase transactions at issue or any similar transactions. The parties further stipulated that Deloitte did not intend that its audit reports influence the stock purchase transactions or any similar transactions, nor did Deloitte know that Guardian Bank so intended. Because these facts are inconsistent with the standard of liability set forth in Max Mitchell and section 552, Deloitte is not liable to Applestein as a matter of law.[1]
We agree with the trial court that Applestein appears to be advancing a "reasonably foreseeable" approach in support of his cause of action. The supreme court specifically rejected this theory of accountant liability in Max Mitchell. 558 So.2d at 15. The order entering summary judgment in favor of Deloitte is affirmed.
Affirmed.
NOTES
[1] Section 552's illustration 10 is precisely on point and supports this result.

10. A, an independent public accountant, is retained by B Company to conduct an annual audit of the customary scope for the corporation and to furnish his opinion on the corporation's financial statements. A is not informed of any intended use of the financial statements, but A knows that the financial statements, accompanied by an auditor's opinion are customarily used in a wide variety of financial transactions by the corporation, and that they may be relied upon by lenders, investors, shareholders, creditors, purchasers and the like, in numerous possible kinds of transactions. In fact B company uses the financial statements and accompanying auditor's opinion to obtain a loan from X Bank. Because of A's negligence, he issues an unqualifiedly favorable opinion upon a balance sheet that materially misstates the financial position of B Company, and through reliance upon it X Bank suffers pecuniary loss. A is not liable to X Bank.