644 So.2d 114 (1994)
Andrew MACHATA, John Nicolo and Paul J. Meyerhoff, Appellants,
v.
SEIDMAN & Seidman a/k/a BDO Seidman & Company, Appellees.
No. 93-0006.
District Court of Appeal of Florida, Fourth District.
October 5, 1994.
Rehearing Denied November 15, 1994.
David, Isaacs & Yeargin, P.A., West Palm Beach, for appellants.
Richard E. Brodsky of Jenner & Block, Miami, for appellees.
Edward A. Marod of Edward A. Marod, P.A., West Palm Beach, for amicus curiae-The Florida Institute of Certified Public Accountants.
Michael J. Pucillo and Wendy H. Zoberman of Greenfield & Chimicles, West Palm Beach, for amicus curiae-The Academy of Florida Trial Lawyers.
MAY, MELANIE G., Associate Judge.
In this ever changing world in which we live, we encounter yet another attempt to expand liability. Is an accountant liable to the shareholders of a corporation, who participate in stock transactions in reliance upon an Audit Report and Audited Financial Statements prepared by the accountant? Based upon the Florida Supreme Court's decision in First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla. 1990), and its adoption of section 552 of the Restatement (Second) of Torts (1976), we decline to expand the accountant's liability to the specific facts of this case. See also Applestein v. Deloitte Haskins & Sells, 637 So.2d 349 (Fla. 3d DCA 1994).
The plaintiffs in this case are shareholders of First American Bank & Trust. The defendant is the accounting firm that audited the Bank's financial statements. The Bank disseminated its audited financial statements and audit reports to its shareholders and to members of the public interested in purchasing stock. The plaintiffs alleged that the accounting firm was negligent in failing to discover false representations in the financial statements. In reliance upon these statements, the plaintiffs acquired stock, which became worthless when the Bank became insolvent. The trial court dismissed the negligence counts in the initial, Amended, and *115 Second Amended Complaint. From the dismissal of the negligence counts in the Second Amended Complaint, the plaintiffs appeal.[1]
Over the past decades, the accounting profession has repeatedly found itself the target in litigation arising out of business failures. As our economy continues to experience highs and lows, rapid growth and plummeting disasters, those unfortunate enough to have been involved with the disasters have looked to the financially secure accountant to recoup their losses. The targeting of the accountant has no doubt resulted from the poor financial condition of the primary player in the financial loss, the business entity which has folded, gone bankrupt, or has failed to live up to the expectations of the plaintiff. In most instances, the accountant has been a second string player, someone who has relied upon information provided by the primary player, the failing business, to generate information for distribution. It is for this reason that the scope of the accountant's liability has been restricted to the scope of its undertaking.
There is no magic recipe that will insure protection for everyone who may rely upon the information generated by the accountant. And, it is the courts, which must bear the responsibility for setting the limits of liability. Our supreme court has assumed that responsibility. It has adopted section 552 of the Restatement. First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla. 1990). In doing so, it examined and evaluated the following four limits of liability.
(1) Except in cases of fraud, an accountant is only liable to one with whom he is in privity or near privity. (Citations omitted).
(2) An accountant is liable to third parties in the absence of privity under the circumstances described in Section 552, Restatement (Second) of Torts (1976)....
(3) An accountant is liable to all persons who might reasonably be foreseen as relying upon his work product (Citations omitted).
(4) An accountant's liability to third persons shall be determined by the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct and the policy of preventing future harm.
Id. at 12.
Our supreme court chose the second approach by adoption of Section 552 of the Restatement. Section 552 provides:
(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance on the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered:
(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
The Restatement's approach allows for liability to be extended beyond those persons in privity with the accountant, but only when the accountant knows at the time the work is done that a limited group of third persons intend to rely upon the work for a specific transaction. Absent that knowledge and the use of that information for the precise or *116 substantially similar transaction known of by the accountant, neither the Restatement nor Florida permit liability.
In addressing this liability issue, the California Supreme Court explained the reasoning for limiting liability in this way. "This standard requires that the supplier of information receive notice of potential third-party claims, thereby allowing it to ascertain the potential scope of its liability and make rational decisions regarding the undertaking. The receipt of such notice justifies imposition of auditor liability for conduct that is merely negligent." Bily v. Arthur Young & Co., 3 Cal.4th 370, 11 Cal. Rptr.2d 51, 75, 834 P.2d 745, 769 (1992).
In this case, the plaintiffs consisted of shareholders of the corporation, who acted in reliance on the Audit Report and Audited Financial Statements. They did not, as the trial court found, comprise a "limited group of persons" within the meaning of section 552(2)(a). Further, the accountants were not alleged to have been aware of a specific transaction at the time of the undertaking for which the work was to be used. Unlike the facts presented in Max Mitchell, these facts do not fall within the liability envisioned by section 552.
AFFIRMED.
FARMER and KLEIN, JJ., concur.
NOTES
[1] The plaintiffs moved to dismiss the fraud counts in the Second Amended Complaint and elected to proceed with this appeal.